MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email:     macclaw@macbarlaw.com

Attorneys for Plaintiff
TIMOTHY W. HOFFMAN

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PETER PING KIT JUNG,<br><br>     Debtor.<br>_____<br>TIMOTHY W. HOFFMAN, TRUSTEE IN BANKRUPTCY OF THE ESTATE OF PETER PING KIT JUNG,<br><br>     Plaintiff,<br><br>  v.<br><br>WINSTON CHIU, MARY L. CHIU, and MAN CHOI CHIU, individuals;<br><br>     Defendants.<br>_____ | Case No. 14-11783<br>(Chapter 7)<br><br>A.P. No.<br><br>**COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND EXTENT AND LIENS; TO ASSERT STRONG-ARM POWERS; AND TO AVOID PREFERENTIAL TRANSFERS** |

Plaintiff alleges:

### JURISDICTION AND VENUE

1. On December 30, 2014, the Debtor Peter Ping Kit Jung filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the above-entitled Court (the "Main Case"). Thereafter, Plaintiff Timothy W. Hoffman was duly appointed as Chapter 7 Trustee.

2. This Court has subject matter jurisdiction over this adversary proceeding pursuant

to the provisions of 28 USC §§ 157, 1334(d), and 1346(f) and 11 USC §§ 506, 544, and 547. Venue is proper here pursuant to the provisions of 28 USC § 1409.

3. This matter is a "core proceeding" as defined by 28 USC § 157(b)(2)(A), (C), (F), (K), and (O). Plaintiff consents to final judgment of the Bankruptcy Court pursuant to the provision of 28 USC § 157(c)(2).

PARTIES

4. Plaintiff is informed and believes and on that basis alleges that Defendants Winston and Mary Chiu are individuals residing in the Northern District of California. Plaintiff is further informed that Defendants Winston and Mary Chiu are the aunt and uncle of the Debtor. Said Defendants are therefore "insiders" as the term is defined by 11 U.S.C. Section 101(31)(A).

5. Plaintiff is informed and believes and on that basis alleges that Defendant Man Choi Chiu is an individual residing in the State of New York. Plaintiff is further informed that Defendant Man Choi Chiu is the uncle of the Debtor. Said Defendant is therefore an "insider" as the term is defined by 11 U.S.C. Section 101(31)(A).

6. Plaintiff is informed and believes that all of the above named Defendants claim some right, title, lien, or interest in the parcel of real property described below.

7. Plaintiff, as the duly appointed Trustee in Bankruptcy of Peter Ping Kit Jung, has succeeded by operation of law to any and all legal and/or beneficial right, title, and interest in the real property described below and the proceeds thereof, as well as all of the rights and powers concerning this real property conferred on a bankruptcy trustee.

FIRST CLAIM FOR RELIEF
(Determination of Validity and Extent of Liens – 11 USC § 506)
(Against All Defendants)

8. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 7, inclusive.

9. As of the filing of the petition for relief in the Main Case, among the assets of the estate was a fee interest in a parcel of residential real property commonly known as 634 Bamboo Terrace, San Rafael, CA (the "Bamboo Terrace Property"). Title to the Bamboo Terrace Property

was held by the Debtor Jung. The value of the Bamboo Terrace Property is less than $2,500,000.

10. As of the filing of the petition for relief, the Bamboo Terrace Property was subject to certain purported interests, liens and encumbrances of record. These include the following:

    (a) unpaid secured real property taxes due and payable;

    (b) A deed of trust in favor of Nationstar Mortgage in the approximate amount of $486,754.50;

    (c) An unrecorded promissory note in favor Man Choi Chu in the approximate amount of $200,000, dated January 20, 2009, reciting that it is secured by the Bamboo Terrace Property;

    (d) A deed of trust in favor of Winston and Mary Chiu in the approximate amount of $200,000, filed for record on April 4, 2014 as Document No. 2014-0012518 in the official records of the County of Marin.

11. An actual controversy has arisen and now exists between and among Plaintiff and Defendants and each of them concerning the validity, priority, and extent of the above noted liens and interests.

12. Plaintiff is informed and believes and on that basis alleges that Defendant Man Choi Chiu contends that his unrecorded promissory note referred to in Paragraph 10(c) above is a valid and enforceable lien against the Bamboo Terrace Property. Plaintiff disputes this contention. As is more fully alleged in the Second Claim for Relief below, the Man Choi Chiu Deed of Trust is void and unenforceable against the Estate pursuant to the provisions of 11 U.S.C. § 544.

13. Plaintiff is informed and believes and on that basis allege that Defendants Winston and Mary Chiu contend that their deed of trust referred to in Paragraph 10(d) above is a valid and enforceable lien against the Bamboo Terrace Property. Plaintiff disputes this contention. As is more fully alleged in the Second Claim for Relief below, the Winston Chiu Deed of Trust is void and unenforceable against the Estate pursuant to the provisions of 11 U.S.C. § 547.

14. Plaintiff contends that based on the foregoing allegations, that after satisfaction of the secured real property taxes and the lien of the deed of trust held by Defendant Nationstar

[6051.complaint.liens.amended.wpd]     PAGE 3
Case: 15-03048   Doc# 1   Filed: 06/03/15   Entered: 06/03/15 13:07:15   Page 3 of 7

Mortgage Co., all remaining equity or proceeds are the property of the Estate for distribution in accordance with Bankruptcy Code Section 726.

15. Plaintiff is informed and believes and on that basis alleges that each of the Defendants dispute this contention and further assert some different version of the validity, priority, and extent of liens and interests against the Bamboo Terrace Property or its proceeds.

16. Plaintiff is therefore entitled to a judicial decree setting forth the validity, priority, and extent of all liens, encumbrances, and interests against the Bamboo Terrace Property or its proceeds.

WHEREFORE, Plaintiff prays for judgment against defendants as set forth below:

SECOND CLAIM FOR RELIEF
(Assertion of "Strong Arm" Powers--11 USC § 544(a))
(Against Defendant Man Choi Chiu Only)

17. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 16, inclusive.

18. As a Chapter 7 Trustee in Bankruptcy, plaintiff has all the rights and powers and may avoid any transfer of property of the Debtor or obligation incurred by the Debtor that is voidable by either (1) a hypothetical creditor that extends credit to the Debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, and/or (2) a hypothetical creditor that extends credit to the Debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, and/or a (3) a hypothetical bona fide purchaser of real property, other than fixtures, from the Debtor, that obtains the status of a bona fide purchaser as of the commencement of the case.

19. As of January 20, 2009, the Defendant Man Choi Chiu was holding a promissory note he contended was secured on the Bamboo Terrace Property, more particularly described in Paragraph 10(c) above, to secure certain purported obligations due him from the Debtor. At no time was this promissory note, or any evidence thereof, recorded in the Official Records of the

County of Marin.

20. Further, on or about January 27, 2009, the Defendant Man Choi Chiu commenced an action in the Supreme Court of the State of New York, County of Queens, Man Choi Chiu v. Peter Ping Jung, et al. This action sought to enforce the purported obligations secured by the note described in Paragraphs 10(c) above, but failed to plead a cause of action for judicial foreclosure as is required by California Code of Civil Procedure Section 726. Thereafter, the Defendant Man Choi Chiu and the Debtor agreed to a "Confession of Judgment" in the New York action without a "fair value" hearing, right of redemption, or any other debtor protections provided by California Code of Civil Procedure Sections 726 *et seq.*

21. By violating the "one form of action rule" set forth in California Code of Civil Procedure Sections 726 *et seq*, the Defendant Man Choi Chiu waived the liens of his deeds of trust described in Paragraphs 10(c) above.

22. Further, even if Defendant Man Choi Chiu held an otherwise valid lien in the Bamboo Terrace Property, he failed to record such lien or take other action to impart constructive notice to other parties in interest.

23. Under the laws of the State of California, a hypothetical judgment lien creditor could avoid the purported liens or interests held by Defendant Man Choi Chiu in the Bamboo Terrace Property.

24. Under the laws of the State of California, a hypothetical execution lien creditor could avoid the purported liens or interests held by the Defendant Man Choi Chiu in the Bamboo Terrace Property.

25. Under the laws of the State of California, a hypothetical bona fide purchaser of the Bamboo Terrace Property could avoid the purported liens or interests held by the Defendant Man Choi Chiu in the Bamboo Terrace Property.

26. Plaintiff is therefore entitled to a judgment avoiding the purported liens or interests of the Defendant Man Choi Chiu in the Bamboo Terrace Property pursuant to the provisions of Bankruptcy Code § 544(a) and preserved for the benefit of the Estate pursuant to the provisions of Bankruptcy Code § 551.

WHEREFORE, plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
(Avoidance of Preferential Transfers - 11 USC § 547)
(Against Defendants Winston and Mary Chiu Only)

27. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 26, inclusive.

28. No later than December 31, 2006, the Debtor incurred an indebtedness in favor of Defendants Winston and Mary Chiu in the approximate amount of $200,000.

29. On April 4, 2014, a date within one year of the filing of the petition for relief, the Debtor and/or the Defendants Winston and Mary Chiu caused a deed of trust to be recorded against the Bamboo Terrace Property.

30. The recordation of this deed of trust was a transfer of the Debtor's property to or for the benefit of Defendants Winston and Mary Chiu.

31. This transfer was on account of an antecedent debt owed by the Debtor to Defendants Winston and Mary Chiu.

32. The Debtor was insolvent on the date that this transfer was made.

33. Unless it is avoided, this transfer enables the Defendants Winston and Mary Chiu to receive more on account of their debt than they would receive if the transfer had not been made and the Defendants received payment as provided in Chapter 7 of Title 11.

34. Plaintiff is therefore entitled to have this deed of trust avoided as a preferential transfer and preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a judicial decree determining that the validity, extent, and priority of liens and interests against the Bamboo Terrace Road Property is as set forth above;

2. For an order avoiding the purported lien of the Defendant Man Choi Chiu on the Bamboo Terrace Property and preserving this lien for the benefit of the Estate;

3. For an order avoiding the purported lien of the Defendants Winston Chiu and

1 | Mary Chiu on the Bamboo Terrace Property and preserving this lien for the benefit of the Estate;

2 |     4.    For costs of suit incurred herein; and

3 |     5    For such other and further relief as the Court deems proper.

Dated: June 3, 2015             MacConaghy & Barnier, PLC

/s/ JohnH. MacConaghy
John H. MacConaghy
Attorneys for Plaintiff

[6051.complaint.liens.amended.wpd]
PAGE 7
Case: 15-03048    Doc# 1    Filed: 06/03/15    Entered: 06/03/15 13:07:15    Page 7 of 7